IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODAY MOUNSAVENG,

        Plaintiff,                    No. CIV S-04-2357 GEB KJM P

    vs.

D.L. RUNNELS, et al.,

        Defendants.             ORDER

        Plaintiff is a state prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. On November 16, 2004, the court granted plaintiff thirty days to file an application to proceed in forma pauperis or to pay the filing fee. Plaintiff later asked for an extension of time to pay the filing fee and then submitted the filling fee on December 17, 2004. Good cause appearing, the court will grant plaintiff's request for an extension of time to pay the filing fee and deem the paying of the filing fee timely.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

/////

1  granted, or that seek monetary relief from a defendant who is immune from such relief. 28
2  U.S.C. § 1915A(b)(1),(2).

3  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
4  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
5  (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an
6  indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
7  490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
8  pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
9  Cir. 1989); Franklin, 745 F.2d at 1227.

10  A complaint, or portion thereof, should only be dismissed for failure to state a
11  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
12  of facts in support of the claim or claims that would entitle him to relief. Hishon v. King &
13  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer
14  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
15  complaint under this standard, the court must accept as true the allegations of the complaint in
16  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
17  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
18  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

19  The court finds the allegations in plaintiff's complaint too vague to state a claim
20  for relief under the applicable standards. Although the Federal Rules of Civil Procedure adopt a
21  flexible pleading policy, a complaint must give fair notice and state the elements of the claim
22  plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).
23  Plaintiff must allege with at least some degree of particularity overt acts in which specific
24  defendants engaged that support plaintiff's claim. Id. There can be no liability under 42 U.S.C.
25  § 1983 unless there is some affirmative link or connection between a defendant's actions and the
26  claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167

(9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  As pled, plaintiff's complaint must be dismissed.  The court will, however, grant leave to file an amended complaint, if plaintiff is able to do so while complying with Federal Rule of Civil Procedure 11.

In the event plaintiff may be attempting to state a claim under the American with Disabilities Act, he is advised that such a claim rests on four elements:  (1) plaintiff is a "handicapped person"; (2) he is otherwise qualified, and the defendants' actions either (3) "excluded his participation in or denied him the benefits of a service, program, or activity"; or (4) "otherwise subjected him to discrimination on the basis of his physical handicap."  <u>See</u> <u>Duffy v. Riveland</u>, 98 F.3d 447, 455 (9th Cir. 1996).  Moreover, "neither Title II of the ADA nor § 504 of the Rehabilitation Act provides for individual capacity suits against state officials."  <u>Garcia v. S.U.N.Y. Health Sciences Center</u>, 280 F.3d 98 (2d Cir. 2001).

To the extent plaintiff is attempting to state claim under the Eighth Amendment, a violation occurs if a prison official demonstrates deliberate indifference to an inmate's serious medical need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976).  A serious medical need exists where failure to treat a condition could result in further significant injury or the "unnecessary and wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), <u>overruled on other grounds</u>, <u>WMX Technologies, Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997).  A serious medical need is usually one that significantly impacts daily activities or results in chronic or substantial pain. <u>McGuckin</u>, 974 F.2d at 1059-60.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  <u>See</u>, <u>e</u>.<u>g</u>., <u>May</u>, 633 F.2d at 167.  Vague or conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

/////

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's December 15, 2004 request for an extension of time to pay the filing fee for this action is granted.

2. Plaintiff's December 17, 2004 paying of the $150.00 filing fee for this action is deemed timely.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

/////
/////
/////
/////
/////
/////

5. The Clerk of Court is directed to send plaintiff another copy of the form complaint for use by inmates in filing a complaint under 42 U.S.C. § 1983.

DATED: May 19, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

1/moun2357.14