IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODAY MOUNSAVENG,

    Plaintiff,                       No. CIV S-04-2357 GEB KJM P

    vs.

D.L. RUNNELS, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed May 20, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has now filed an amended complaint.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if, among other things, the prisoner has raised claims that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(1),(2).[1]

---

[1] The court previously has advised plaintiff regarding the standards generally applicable to the screening of his complaint. For example, a claim is legally frivolous when it lacks an

1   As previously noted, a complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). Even applying the standards applicable to pro se pleading, the court finds that the allegations in plaintiff's amended complaint are still insufficient to state a claim upon which relief can be granted. In particular, plaintiff must allege with at least some degree of particularity overt acts in which specific defendants engaged to support plaintiff's claim. Id. In other words, plaintiff must allege in specific terms how each named defendant is involved and how that involvement is connected to plaintiff's claim. This latter requirement is not satisfied by plaintiff's amended complaint.

Plaintiff's amended complaint must be dismissed. The court will, however, grant leave to file a second amended complaint. If plaintiff chooses to file a second amended complaint, plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files a second amended complaint, the earlier pleadings no longer serves any function in the case. Therefore, in a second amended complaint, as in an original and first amended complaint, each claim and the involvement of each defendant

---

arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

must be sufficiently alleged.[2]

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED:  December 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] moun2357.14amd(6.20.05)

---

[2] Plaintiff is reminded that a second amended complaint must, in and of itself, demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, as noted above, the second amended complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).