IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ODAY MOUNSAVENG,

        Plaintiff,                    No. CIV S-04-2357 GEB KJM P

    vs.

D. L. RUNNELS, et al.,              ORDER AND

        Defendants.          FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Snyder, McDonald and Sandham are either employees or former employees of the California Department of Corrections and Rehabilitation (CDCR). Several matters are before the court.

I. <u>May 15, 2007 Motion To Dismiss</u>

        Defendants argue that plaintiff's claims against defendants McDonald and Snyder should be dismissed because plaintiff fails to state a claim upon which relief can be granted against them. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, <u>Erickson v. Pardus</u>, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). In order to

survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1965 (2007). However, "[s]pecific facts are not necessary; the statement [of facts] need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Erickson, 127 S. Ct. 2197 at 2200.

      In his second amended complaint plaintiff asserts that he is a paraplegic and must utilize a wheelchair to move about his prison. He asserts that despite informing prison officials the wheelchair given to him was inadequate, officials ignored plaintiff and refused to give him an adequate wheelchair. Second Am. Compl. at 4.[1] He also claims he could not wash himself adequately in the prison shower because the shower nozzle was not attached to a hose allowing plaintiff to wash all parts of his body while seated in his wheelchair. Plaintiff asserts that despite his informing prison officials of the need for a nozzle with a hose attached to it, prison officials failed to provide one. Id. at 5.

      With respect to defendant Snyder, the Medical Appeals Coordinator, plaintiff merely asserts that he "asked her" about these matters. Id. at 6. The court construes this to mean plaintiff made Snyder aware of his problems with his wheelchair and the shower and that Snyder did not take any action with respect to these matters. Defendants point out correctly, however, that plaintiff fails to allege that Snyder had any ability to fix the problems presented by plaintiff, that plaintiff asked her to fix the problems or that plaintiff expected her to.

      The Eighth Amendment's prohibition of cruel and unusual punishment extends to medical care of prison inmates. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). In order to state a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a prison inmate must allege "acts or omissions sufficiently harmful to evidence deliberate

---

[1] Citations to the complaint are to the page numbers assigned by CM/ECF.

indifference to serious medical needs." Id. at 106. The Eighth Amendment's prohibition on cruel and unusual punishment also imposes on prison officials a duty to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). An inmate's Eighth Amendment rights are violated by a prison official if that official exposes an inmate to a "substantial risk of serious harm," while displaying "deliberate indifference" to that risk. Id. at 834.

The allegations in plaintiff's second amended complaint do not state a cognizable Eighth Amendment claim against defendant Snyder because plaintiff has not alleged facts indicating Snyder was deliberately indifferent to plaintiff's serious medical needs or deliberately indifferent to a serious risk of harm. While plaintiff alleges that Snyder was aware of plaintiff's grievance, plaintiff does not present anything suggesting how Snyder should have acted in response to this information or that Snyder did not act appropriately. The court will recommend that plaintiff's claim against defendant Snyder be dismissed.

Plaintiff alleges he informed defendant McDonald, Associate Warden, of his issue concerning the shower head through the inmate grievance process and that McDonald denied his request for a new shower nozzle with a hose. Second Am. Compl. at 5. McDonald informed plaintiff that he could turn his wheelchair around and wash all parts of his body so a nozzle attached to a hose was not necessary. Id. Defendants argue that any claim arising from McDonald's failure to provide a shower nozzle attached to a hose should be dismissed because, among other things, there is no allegation that McDonald had any reason to believe, by denying plaintiff's request concerning the shower nozzle, he was putting plaintiff's health or safety at risk.

Indeed, nothing in plaintiff's pleading suggests McDonald had any reason to believe plaintiff's well-being depended on whether a new shower nozzle with a hose was installed in plaintiff's housing unit. Plaintiff fails even to assert that leaving the shower nozzle as it was caused plaintiff any injury. It does appear a shower nozzle with a hose would be easier for

plaintiff to use, but defendant McDonald's mere failure to make it easier for plaintiff to shower does not rise to the level of deliberate indifference to plaintiff's health or safety and therefore the cruel and unusual punishment forbidden by the Eighth Amendment. Accordingly, the court will recommend that defendant McDonald be dismissed.

By virtue of the fact that plaintiff fails to state a claim upon which relief can be granted against defendants McDonald and Snyder, defendants are correct that they are also immune for suit under the doctrine of qualified immunity. See Saucier v. Katz, 533 U.S. 194, 201 (2001).

Defendants also argue that plaintiff's claims against Snyder and McDonald should be dismissed because plaintiff failed to exhaust administrative remedies with respect to those claims prior to filing suit. In light of the foregoing, the court need not address this argument.

II. July 18, 2007 Motion To Dismiss

Here, defendants seek dismissal of plaintiff's claims against defendant Sandham for failure to state a claim upon which relief can be granted. In his second amended complaint, plaintiff asserts defendant Sandham, through the inmate grievance process, also denied plaintiff's request for a shower with a nozzle attached to a hose. Second Am. Compl. at 5. As with plaintiff's claim against defendant McDonald, plaintiff's allegations fail to rise to the level of an Eighth Amendment violation because plaintiff does not point to anything suggesting that failure to provide the type of shower nozzle requested constituted cruel and unusual punishment.

In the grievance submitted to Sandham, plaintiff also complained about problems with his wheelchair. Id. In response to the grievance, Sandham informed plaintiff that a new wheelchair had been obtained for plaintiff and would be delivered to him. Id. Sandham also informed plaintiff that the medical department would follow up with plaintiff regarding his request that he be provided a cushion for the chair. Id. Plaintiff then appealed Sandham's decision to the final level of review approximately one month later because he had not received the new wheelchair or cushion. Id. at 2-3.

The court finds these allegations do not provide a basis to find that defendant Sandham was deliberately indifferent. The facts before the court suggest that Sandham took action with respect to plaintiff's request and nothing suggests that plaintiff did not receive his wheelchair or cushion due to the actions of Sandham. Sandham, therefore, also is entitled to qualified immunity. Saucier, 533 U.S. at 201.

For all these reasons, the court will recommend that defendants' July 18, 2007 motion to dismiss be granted and that defendant Sandham be dismissed. In light of the foregoing, the court need not address defendants' argument that plaintiff failed to exhaust administrative remedies with respect to his claims against defendant Sandham.

III. July 18, 2007 and August 22, 2007 Motions For Leave To File An Amended Complaint

Plaintiff asks that he be allowed to file a third amended complaint in order to cure any deficiencies in his second amended complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, the court shall "freely give leave [to amend] when justice so requires." The court must give pro se litigants a chance to cure the deficiencies of their complaint prior to dismissing for failure to state a claim upon which relief can be granted unless it clearly appears that the deficiencies cannot be cured. James v. Giles, 221 F.3d 1074, 1077 (9th Cir. 2000).

On May 20, 2005, the court dismissed plaintiff's original complaint with leave to amend. Plaintiff was informed, among other things, that he must present facts demonstrating defendants were deliberately indifferent to his serious medical needs to plead a cognizable claim under the Eighth Amendment. The court dismissed the amended complaint on December 13, 2005 with leave to file a second amended complaint; the court informed plaintiff that the facts alleged were not specific enough to suggest that any defendant violated his civil rights.

The court has reviewed the entire record in this matter and finds that the deficiencies in plaintiff's second amended complaint cannot be cured. Even after plaintiff has

////
/////

been given two opportunities to amend his complaint, nothing in the record suggests he will be able to allege that any defendant was deliberately indifferent to his health or safety.  Plaintiff's motions to amend will be denied.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's July 18, 2007 motion for leave to amend his complaint (docket no. 28) is denied; and

2. Plaintiff's August 22, 2007 motion for leave to amend his complaint (docket no. 30) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' May 15, 2007 motion to dismiss (docket no. 19) be granted;

2. Defendants Snyder and McDonald be dismissed from this action;

3. Defendants' July 18, 2007 motion to dismiss (docket no. 26) be granted;

4. Defendant Sandham be dismissed from this action; and

5. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 27, 2008.

_____
U.S. MAGISTRATE JUDGE

1 mou2357.57